FILED

U.S. DISTRICT COURT

JUL 07 2004 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SHARON M. BOLDEN,

              Plaintiff,

           -against-

BRIAD WENCO, L.L.C., d/b/a WENDY'S
OLD FASHIONED HAMBURGERS,

              Defendants.

-------------------------------------------------------------------X

CIVIL ACTION NO.

# CV 04 2848

VERIFIED COMPLAINT

PLAINTIFF DEMANDS A TRIAL
BY JURY

POLLAK, M.J.

Plaintiff, SHARON M. BOLDEN, by her attorney Timothy P. Devane, Esq.,

complaining of the defendants, alleges as follows, upon information and belief:

I

## JURISDICTION AND VENUE

1.     This action is brought to remedy discrimination on the basis of race in violation of

Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000 et seq., 42

U.S.C. §1981, 42 U.S.C. §1985, and the First and Fourteenth Amendment to the United

States Constitution.  Jurisdiction is based on 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §§1331

and 1343(3)(4).

2.     Supplemental jurisdiction pursuant to 28 U.S.C. §1367 is sought to remedy

discrimination on the basis of race and in retaliation for the exercise of rights in violation

of New York Executive Law, §290 et seq. and New York City Administrative Code, §8-

101, et seq.

3.     Injunctive and declaratory relief, damages, attorneys fees and other appropriate

legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(g) and (k), 42 U.S.C.

§1981A, 42 U.S.C. §1988, the First and Fourteenth Amendment to the United States

Constitution, New York State Executive Law, §297(9), and New York City

Administrative Code, §8-502.

4.     As many of the unlawful practices complained of herein occurred within the

Eastern District, venue is proper in this District pursuant to 42 U.S.C. §2000e-5(f)(3) and

29 U.S.C. §1391(b).

II

## DETERMINATION BY THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

5.     The United States Equal Employment Opportunity Commission, in response to

Plaintiff's request for a Right to Sue, determined that "The EEOC is terminating its

processing of this charge". Enclosed please find the determination of the United States

Equal Employment Opportunity Commission as Exhibit "A".

III

## PARTIES

6.     Plaintiff was employed by the defendant BRIAD WENCO, L.L.C. d/b/a

WENDY'S OLD FASHIONED HAMBURGERS (hereinafter referred to as BRIAD

WENCO, L.L.C.) as a cashier/crew member at the Wendy's restaurant located at 75-15

Kissena Boulevard, Kew Gardens, New York 11367 and had worked for the defendant

since November 11, 2002 prior to her unlawful termination. Prior to that she had worked

for the defendant from August 30, 2000 to December 30, 2001, before taking a leave of

absence.

7.     Plaintiff SHARON M. BOLDEN was and still is at all times hereinafter

mentioned a resident of the State of New York, County of Queens.

8.     At all times herein mentioned, Defendant BRIAD WENCO, L.L.C. was and still

is a domestic corporation organized and existing under the laws of the State of New York.

9.     At all times hereinafter mentioned, defendant BRIAD WENCO, L.L.C. was and still is a foreign corporation licensed to do business in the State of New York.

10.    At all times hereinafter mentioned, defendant BRIAD WENCO, L.L.C. was and still is a business partnership licensed to do business in the State of New York.

11.    At all times hereinafter mentioned, defendant BRIAD WENCO, L.L.C. was and still is the franchisee of several Wendy's Old Fashioned Hamburgers restaurants, including the restaurant located at 75-15 Kissena Boulevard, Kew Gardens, New York 11367 that is the subject of this lawsuit.

12.    At all times hereinafter mentioned, defendant BRIAD WENCO L.L.C. had a principal place of business at 30 Vreeland Road, Building A, Florham Park, New Jersey 07932.

13.    At all relevant times, plaintiff had been an employee of defendant BRIAD WENCO, L.L.C. prior to her wrongful termination.

14.    Defendant BRIAD WENCO, L.L.C. is an employer within the meaning of Title VII, 42 U.S.C. §2000(e)(b), the Human Rights Law §292(5) and the Administrative Code §8-102(5).

15.    The employees of Defendant BRIAD WENCO LLC, "Carlos", Shift manager, "Khallid", the General Manager, "Xavier", aka "Abbrielle", Shift Manager, and Holly Schulze, HR Manager, hereinafter referred to in this complaint were supervisors of plaintiff and at all relevant times acted vicariously on behalf of the employer. None of these supervisors are African-American.

IV

## FACTUAL ALLEGATIONS COMMON TO
## ALL CAUSES OF ACTION

16.     Plaintiff, who is African-American, had worked at the Wendy's Old

Fashioned Hamburgers restaurant owned, operated, managed, maintained, and controlled

by the defendant BRIAD WENCO, L.L.C. from November 11, 2002 to March 13, 2003,

and prior to that from August 30, 2000 to December 30, 2001 before taking a leave of

absence.

17.     During the time Plaintiff was employed by the defendant BRIAD WENCO,

L.L.C., there was normally at most only one or two other African-American employees

besides her working at the restaurant at any time.

18.     Prior to Plaintiff's wrongful termination, she had performed her work duties

admirably, even receiving employee of the month in January, 2003.

19.     On March 13, 2003, at approximately 11:00 P.M., Plaintiff was working at

Wendy's Old Fashioned Hamburgers restaurant, located at 75-15 Kissena Boulevard,

Kew Gardens, New York 11367. A car pulled up to the take-out window and placed an

order. There were two male occupants and two female occupants in the car. They were

all white. Plaintiff took the customers' order, and asked them, as was required, was that

all, to which the customers replied yes and the vehicle pulled up to the take-out window.

As the car pulled up the plaintiff noticed that the occupants in the car were joking and

making noise. The male driver asked plaintiff to repeat his order and total amount, which

plaintiff respectfully did. He gave the plaintiff the money and plaintiff gave him the

food. As the driver pulled away he said he "didn't order a kids' meal nuggets" and the

plaintiff replied "no". He drove off and the plaintiff continued to take orders.

20.      Ten minutes later the two women who were in the car approached the take-out window on foot. They stated to the plaintiff that "they were just fucking here and you seemed to have their order wrong". Plaintiff asked for the receipt and read the order to the women. One of the women started yelling and cursing, stating "if the order is right or wrong, I'm missing a nugget, bitch". At that time, plaintiff closed the window and called Carlos, Shift Manager, and asked him to please open the register and give this lady her money back due to the fact that she was verbally disrespecting her by calling her a bitch. Carlos suggested to talk to the lady to ask her what seemed to be the problem. As Carlos opened the window to talk to the lady she was yelling and cursing and called the plaintiff a "black bitch" and "nigger". When the plaintiff asked her to please stop disrespecting her she replied, "And you work at Wendy's".

21.      Carlos called Xavier, aka Abbrielle, Shift Manager, and he asked what was going on. After Plaintiff informed him of the situation, he told her to move out of the way towards the Frosty machine and he would handle it. The lady was still threatening plaintiff and yelling at her in a disrespectful manner. When plaintiff informed the lady that her behavior was not fair the other woman said, "Shut up you stupid bitch". Carlos and Xavier then proceeded to provide the woman with the plaintiff's name, although the defendant's procedures dictate that they should have only given the women the 1 800 number to call for customer complaints. Carlos gave the woman her money back and gave her additional food, while Xavier wrote down plaintiff's name for them to have and who to contact. One of the women motioned as if she might hit plaintiff when she gave them their order and plaintiff pushed the bag towards her to fend off the seeming assault.

The woman then stated that she was saving the bag for evidence and that "she has her name".

22.     After the incident, plaintiff filed a police report regarding the harassment received from these customers.  Plaintiff subsequently learned that the women came to the Wendy's Old Fashioned Hamburgers restaurant the next day and threatened that if they see plaintiff in the store they will report the matter to the higher person in the company.  Plaintiff was informed that one of the women told the manager that her friend, the other female, had to go to the hospital due to "stress".

23.     When plaintiff reported for work the next day, she was told by the manager on duty to come in Saturday and speak to Khallid, General Manager.  After plaintiff came in Saturday and spoke to Khallid she was told to go to a different Wendy's location on Monday and speak to Carlos.  After plaintiff spoke to Carlos on that Monday plaintiff did not hear back from Wendy's until Holly Schulze, HR Manager, called plaintiff to inform her on or about March 27, 2003 that she was being terminated for being "out of control" on the night of the incident, March 13, 2003.

24.     Plaintiff claims that by their actions the defendant made it clear based on their tolerance of such outrageous, racist conduct by certain customers and their inaction that plaintiff would not be protected from such customers.  Furthermore, Plaintiff alleges that the conduct of these customers was known to the supervisors on duty that evening, and by taking action against plaintiff, they were ratifying the customers' racist actions.

25.     Defendant BRIAD WENCO, L.L.C. was deliberately indifferent to the complaints of harassment.  Defendant's continued acquiescence, retaliation, action or

inaction amounted to a policy or custom of toleration of racial discrimination and retaliation.

26.     Defendant BRIAD WENCO, L.L.C. has failed to effectively train its employees about preventing harassment and racial discrimination or about investigating or disciplining harassment and racial discrimination.

27.     Defendant BRIAD WENCO, L.L.C.'s custom or policy of refusing to effectively investigate complaints of harassment and racial discrimination or to discipline offenders guilty of harassment and racial discrimination amounted to deliberate indifference on the part of the defendant.

28.     Defendant BRIAD WENCO, L.L.C.'s retaliation of plaintiff is based on race and a hostility to equal treatment of African-American employees.

29.     Defendant BRIAD WENCO, L.L.C.'s failure to effectively investigate and remedy harassment and racial discrimination is based on racial discrimination and causes a chilling of African-American employees' protected rights.

30.     Based on the foregoing, the defendant BRIAD WENCO, LLC has allowed a pattern or practice of harassment and racial discrimination to exist which has subjected Plaintiff to an abusive or hostile racially discriminatory environment.

V

FIRST CAUSE OF ACTION

31.     In wrongfully terminating plaintiff, defendant has discriminated against plaintiff on the basis of her race and in retaliation for her opposition to racial discrimination against her, in violation of Title VII of the Civil Rights Act. Defendants intentionally, willfully, and without justification, acted to deprive plaintiff, on the ground

of her race, of her rights, privileges and immunities, particularly of her right to be free of racial discrimination in the workplace and her right to oppose and complain of racial discrimination against herself. Defendant has a duty to provide and ensure a workplace for Plaintiff and other African-American employees free of racial innuendo, intimidation, discriminatory animus and retaliation, and to enforce the rules, regulations and laws necessary to protect her and other female African-American employees from a racially hostile or abusive work environment and retaliation for exercising protected rights.

32.    The defendant, despite knowledge and adequate opportunity to learn of the misconduct of their agents, subordinates and employees, adopted, approved and ratified these acts, omissions and misconduct.

33.    Plaintiff has and will continue to suffer irreparable injury, loss of income, loss of promotion opportunity, loss of pay raises, psychological trauma, mental anguish and humiliation as a result of defendants' discriminatory practices unless and until this Court grants relief.

34.    That as a result of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

VI

SECOND CAUSE OF ACTION

35.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "34" of the amended complaint with the same force and effect as if more fully set forth herein.

36.    Defendant has discriminated against plaintiff by terminating plaintiff on the basis of her race and in retaliation asserting rights protected by the U.S. Constitution in

violation of the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1981, and 42 U.S.C. §1985.

37.    Defendant, by its conduct herein alleged, intentionally, willfully and without justification, deprived plaintiff on grounds of her race, of her rights, privileges and immunities secured by the Constitution and the laws of the United States, including but not limited to her rights to equal protection of laws provided by the Fourteenth Amendment, and her right to free speech provided by the First Amendment, and in violation of 42 U.S.C. §1981 and 42 U.S.C. §1985.

38.    Plaintiff has and will continue to suffer irreparable injury, loss of income, loss of promotion opportunity, loss of pay raises, psychological trauma, mental anguish and humiliation as a result of defendants' discriminatory practices unless and until this Court grants relief.

39.    That as a result of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

## VII

## THIRD CAUSE OF ACTION

40.    Plaintiff repeats and realleges each and every allegation contained in paragraphs numbered "1" through "39" of the complaint with the same force and effect as if more fully set forth herein.

41.    In wrongfully terminating plaintiff, defendants have discriminated against plaintiff in the workplace on the basis of her race in violation of New York Executive Law, §290, et seq. and New York City Administrative Code, §§8-101 et seq.

42.    Defendants have discriminated against plaintiff on the basis of her race and in

retaliation for her opposition and complaint of racial discrimination directed at her, and intentionally, willfully and without justification, acted to deprive her, on the grounds of her race, her rights, privileges and immunities, particularly of her right to be free of racial harassment and racial discrimination in the workplace and her right to oppose and complain of racial harassment and racial discrimination against herself. Defendant has a duty to provide and ensure a workplace for Plaintiff and other African-American employees free of racial innuendo, intimidation, discriminatory animus and retaliation, and to enforce the rules, regulations and laws necessary to protect her and other African-American employees from a racially hostile or abusive work environment and retaliation for exercising protected rights.

43.     The defendants, despite knowledge and adequate opportunity to learn of the misconduct of the agents, supervisors and employees, adopted, approved and ratified these acts, omissions and misconduct.

44.     Plaintiff has and will continue to suffer irreparable injury, loss of income, loss of promotion opportunity, loss of pay raises, psychological trauma, mental anguish and humiliation as a result of defendants' discriminatory practices unless and until this Court grants relief.

45.     That as a result of the foregoing, plaintiff has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of Title VII, the First and Fourteenth Amendments, 42 U.S.C. §1981, 42 U.S.C. § 1985, New York

Executive Law and New York City Administrative Code;

(b) enjoining and permanently restraining these violations of Title VII, the First and Fourteenth Amendments, 42 U.S.C. §1981 and 42 U.S.C. §1985, New York Executive Law and New York City Administrative Code;

(c) directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and to not continue to affect plaintiff's employment opportunities;

(d) awarding plaintiff the costs of this action together with reasonable attorney's fees, as provided by Title VII and 42 U.S.C. §1988;

(e) directing defendant to pay plaintiff compensatory damages and damages for lost income, lost promotional opportunities, lost pay raises, psychological trauma, mental anguish and humiliation in the First Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

(f) directing defendant to pay plaintiff compensatory damages and damages for lost income, lost promotional opportunities, lost pay raises, psychological trauma, mental anguish and humiliation in the Second Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

(g) directing defendant to pay plaintiff compensatory damages and damages for lost income, lost promotional opportunities, lost pay raises, psychological trauma, mental anguish and humiliation in the Third Cause of Action in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

(h) directing defendant to pay punitive damages and granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to 42 U.S.C. §1981A and Rule 38(b) of the Federal Rules of Civil Procedure,

Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
       July 7, 2004

                                      Yours, etc.

                                      Timothy P. Devane (TD 8903)
                                      Attorney for Plaintiff
                                      SHARON M. BOLDEN
                                      204 West 84th Street
                                      New York, New York 10024
                                      (212) 877-8594

## VERIFICATION

TIMOTHY P. DEVANE, an attorney duly admitted to practice law before the Courts of the State of New York, and the United States District Court for the Eastern District of New York affirms the following to be true under the penalty of perjury:

I am the attorney of record for the Plaintiff SHARON M. BOLDEN in the action herein. I have read the annexed

## COMPLAINT

know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this Verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorney for the Plaintiff maintains his offices.

Dated:   New York, New York
         July 7, 2004

TIMOTHY P. DEVANE (TD 8903)

 AVERY™   RECYCLED PAPER. MADE FROM 20% POST CONSUMER CONTENT

EEOC Form 161-B (10/96)

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Sharon Bolden
155-15 Jewel Avenue, Apt #1-C
Flushing, NY    11367

From: Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th floor
New York, New York 10004

[   ]    *On behalf of person(s) aggrieved whose identity is*
         *CONFIDENTIAL (29 CFR § 1601.7(a))*

| | |
|---|---|
| EEOC Representative | Telephone No. |
| Legal Unit | (212) 336-3692 |

Charge No.

160-2004-00903

*(See also the additional information attached to this form.)*

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[   ]    More than 180 days have passed since the filing of this charge.

[ X ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]    The EEOC is terminating its processing of this charge.

[   ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[   ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[   ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____        4/8/04
                                        *(Date Mailed)*

Enclosure(s)

cc:    Timothy P. Devane, Esq.
       204 West 84th Street
       New York, NY    10024

       Budd Larner
       150 John F. Kennedy Pkwy, CH1000
       Short Hills, NJ    07078
       Attn: Richard M. Deagazio, Esq.